PETITION OF PATRICK BARRY for a Writ of *Habeas Corpus.*

A statute was repealed and was subsequently reënacted in the following terms: "Section 2 of chapter 73 of the General Statutes is hereby reënacted and declared to bein full force."
*Held*, that the reënactment was valid.

*February* 4, 1878. DURFEE, C. J. This is a petition for a writ of *habeas corpus* to release the petitioner from imprisonment, under a sentence passed upon him in pursuance of Gen. Stat. R. I. cap. 73, § 2. This section 2 was repealed, or, at least, partly repealed, by Pub. Laws R. I. cap. 392, May 28, 1874 ; but subsequently, cap. 519, March 7, 1876, was passed, containing the following section, to wit : "Section 2 of chapter 73 of the General Statutes, is hereby reënacted and declared to be in full force." The petitioner was indicted and sentenced after chapter 519 was passed.

The counsel for the petitioner contends that the section above recited is utterly void. His argument is that Gen. Stat. R. I. cap. 73, § 2, was completely obliterated by the repeal, and that being so obliterated it could not be reënacted by reference. The section was obliterated in one sense inasmuch as it ceased to exist as a statute ; but it continued to exist on the statute-book as a printed paragraph, to which reference could be made so as to identify it, and, therefore, when being identified by reference, it was reënacted, it again became a statute, prospectively, as much as if it had been repeated *verbatim* in the section reënacting it. Legislation in this form may be obnoxious to criticism, but the counsel for the petitioner is mistaken in supposing it is unexampled. See, for a notable instance of it, Pub. Laws R. I. cap. 501, June 18, 1875.                                    *Petition dismissed.*

*Henry J. Spooner & Augustus S. Miller*, for petitioner.

*Edmund S. Hopkins*, Assistant Attorney General, *contra.*